UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONDRE WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV21 HEA |
| ) | |
| LADUE SCHOOL DISTRICT BOARD ) | |
| OF EDUCATION ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Plaintiff's Verified Application for a Temporary Restraining Order and Motion for Preliminary Injunction, [Doc. No. 2]. On January 7, 2008, the Court held a hearing on this matter, at which both parties were represented by counsel. Arguments touching upon the various issues were presented that time. For the reasons set forth below, Plaintiff's Application for a Temporary Restraining Order and Motion for Preliminary Injunction is denied.

### **Facts and Background**[1]

Plaintiff brings this action based on an alleged violation of his civil rights

---

[1] The compilation of facts is taken from the "Complaint for Violation of Civil Rights," and is set forth for the purposes of this Memorandum and Order only. It in no way relieves any party of necessary proof of any fact in later proceedings.

pursuant to 42 U.S.C. §§ 1983 and 1988. The Complaint[2] alleges that Plaintiff is a Missouri resident between the ages of 5 and 21 and is entitled to a free public education pursuant to the Missouri Constitution, Art. XI § 1(a). The Complaint further alleges that Plaintiff was registered in the Ladue School District pursuant to 167.020 R.S.Mo. Plaintiff was attending classes within the Ladue School District on January 4, 2008, when Defendant removed Plaintiff from the classroom and dropped him from the student rolls. Plaintiff contends that through these actions, Defendant deprived him of his constitutionally protected rights in violation of § 1983 and that he has suffered actual injury and irreparable harm.

## Discussion

Section 167.020 R.S.Mo. provides, in salient part:

> 2. In order to register a pupil, the parent or legal guardian of the pupil or the pupil himself or herself shall provide, at the time of registration, one of the following:
>
> (1) Proof of residency in the district. Except as otherwise provided in section 167.151, the term **"residency"** shall mean that a person both physically resides within a school district and is domiciled within that district or, in the case of a private school student suspected of having a disability under the Individuals With Disabilities Education Act, 20 U.S.C. Section 1412, et seq, that the student attends private school within that district. The domicile of a minor child shall be the domicile

---

[2] Although the Application for Temporary Restraining Order and Motion for Preliminary Injunction are verified, the Complaint is not.

of a parent, military guardian pursuant to a military-issued guardianship or court-appointed legal guardian; or

(2) Proof that the person registering the student has requested a waiver under subsection 3 of this section within the last forty-five days. In instances where there is reason to suspect that admission of the pupil will create an immediate danger to the safety of other pupils and employees of the district, the superintendent or the superintendent's designee may convene a hearing within five working days of the request to register and determine whether or not the pupil may register.

3. Any person subject to the requirements of subsection 2 of this section may request a waiver from the district board of any of those requirements on the basis of hardship or good cause. Under no circumstances shall athletic ability be a valid basis of hardship or good cause for the issuance of a waiver of the requirements of subsection 2 of this section. The district board or committee of the board appointed by the president and which shall have full authority to act in lieu of the board shall convene a hearing as soon as possible, but no later than forty-five days after receipt of the waiver request made under this subsection or the waiver request shall be granted. The district board or committee of the board may grant the request for a waiver of any requirement of subsection 2 of this section. The district board or committee of the board may also reject the request for a waiver in which case the pupil shall not be allowed to register. Any person aggrieved by a decision of a district board or committee of the board on a request for a waiver under this subsection may appeal such decision to the circuit court in the county where the school district is located.

4. Any person who knowingly submits false information to satisfy any requirement of subsection 2 of this section is guilty of a class A misdemeanor.

5. In addition to any other penalties authorized by law, a district board may file a civil action to recover, from the parent, military guardian or legal guardian of the pupil, the costs of school attendance for any pupil who was enrolled at a school in the district and whose parent, military

guardian or legal guardian filed false information to satisfy any requirement of subsection 2 of this section.

A Court issues injunctive relief in a lawsuit to preserve the status quo[3] and prevent irreparable harm until the Court has an opportunity to rule on the lawsuit's merits. *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994). Preliminary injunctive relief functions to "preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union #41*, 126 F.3d 1059 (8th Cir. 1997)(citations omitted). Whether the equitable remedy of a preliminary injunction should issue depends upon four factors:

> (1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm to the movant should a preliminary injunction be denied; (3) the balance between this harm and the harm that granting the injunction will cause to the other parties litigant; and (4) the public interest.

*Taylor Corp. v. Four Seasons Greetings, LLC* 315 F.3d 1039, 1041 (8th Cir. 2003)(citing *Dataphase Sys., Inc. v. C. l. Sys., Inc.*, 640 F.2d 109, 112-14 (8th Cir. 1981)(en banc). See also, *Safety-Kleen Systems, Inc. v. Hennkens* 301 F.3d 931,

---

[3] In this case, the Court is not asked to preserve the status quo as it stands, since Defendant has already removed Plaintiff from its student rolls, rather, it appears that Plaintiff is seeking an Order, perhaps hybrid in nature, from this Court requiring Defendant to place him back on the student rolls and allow him to attend classes within the Ladue School District.

935 (8th Cir. 2002). The Court considers all of the factors and decides whether "on balance, they weigh in towards granting the injunction." *Dataphase*, 640 F.2d at 113. The burden of establishing that preliminary relief is warranted is on the party seeking the injunction. *Id.*; *Modern Computer Systems, Inc. v. Modern Banking Systems, Inc.,* 871 F.2d 734, 737 (8th Cir.1989) (en banc); *Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir.1987).

"The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir.1982) (quoting *Holiday Inns of America, Inc. v. B & B Corp.,* 409 F.2d 614, 618 (3d Cir.1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined ." *Dataphase,* 640 F.2d at 113.

Having carefully reviewed the record and arguments presented by counsel, the Court concludes that Plaintiff has failed to meet even the first *Dataphase* requirement, as any irreparable harm to Plaintiff is glaringly absent from this record. Plaintiff has completely failed to show that he will experience irreparable harm if an injunction is not issued. Indeed, the record and arguments show that Plaintiff has

free public education available to him wherever he resides.[4]  Nowhere has it been presented that Plaintiff has attempted to, and has been refused free public education in the district in which he actually resides.  Moreover, because Plaintiff has *not* attempted to secure free public education in the district in which he actually resides,[5] any injury Plaintiff may be experiencing is due entirely to his own actions, or inactions.

Plaintiff's failure to establish irreparable harm notwithstanding, in considering the *Dataphase* factors, it is obvious that the harm to Defendant greatly outweighs any injury its actions have caused Plaintiff.  Were the Court to issue a Temporary Restraining Order and Preliminary Injunction, Defendant would likely experience a flood of applications for enrollment based on dubious grounds of having resided in the district at any given time in the past or, for that matter, an intent to reside therein at some point in the future.  Section 167.020 was enacted for the specific purpose of delineating where children should attend school.  While the Court is mindful that every child is indeed entitled to a free public education, nowhere in the Constitution

---

[4] The Court is leery of stating where Plaintiff actually resides, since counsel for Plaintiff continuously avoided answering the Court's question in that regard.  From the exhibits attached to the Complaint, it appears that Plaintiff does not reside in Ladue, rather, he is a resident of the Normandy School District.

[5] The Court is completely confident that if Plaintiff were to produce proof of residency in the Ladue School District, the District would, pursuant to 167.020 re-enroll him.  Plaintiff has not produced any evidence to establish that this is indeed an option.

nor in any statute of the State of Missouri is a child entitled to choose, at whim, the location of that education. The school districts are set up in order to maintain the ability to provide the children of the State of Missouri with the free public education to which they are entitled. Were each child entitled to choose where to go to school, regardless of where that child lives, the structure of the public school system of the State would collapse into chaos, thereby resulting in an actual deprivation of the right to a free public education. Certain schools could no longer accommodate the numbers of students seeking to attend, while at the same time other schools would fail for lack of students. This situation would indeed result in a dismal and unfair effort to provide an education. The Court can only surmise that others, like Plaintiff would like to attend the Ladue Schools, but can't because of where they live. Plaintiff seeks more than a free public education. He seeks a free public education at the school of his choice, regardless of where he may actually live.

Because Plaintiff has failed to establish irreparable harm, there can be no balancing with the remaining factors to be considered in the determination of whether to issue a preliminary injunction. The Court, however, finds it significant to note that even assuming irreparable harm, the balance would still favor denying the preliminary injunction.

## Conclusion

The Court has considered the entire record and the arguments presented at the hearing on this matter. Based upon the foregoing analysis, Plaintiff has failed to establish that it is entitled to the issuance of a Temporary Restraining Order or a Preliminary Injunction.

Accordingly,

**IT IS HEREBY ORDERED** that the Application for Temporary Restraining Order, [Doc. No. 2], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction, [Doc. No. 2], is **DENIED**.

Dated this 9th day of January, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE