UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LEONDRE WASHINGTON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:08CV21 HEA |
|  | ) |  |
| LADUE SCHOOL DISTRICT BOARD OF EDUCATION | ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant School District for the City of Ladue's Motion to Dismiss, [Doc. No. 15], and Defendants David Benson, Beth Hufford, Ken Smith, Audrey Mack, Karen Webster, Lynn Dean, Sheri Glantz, Donna Smith, Susan Dielmann, and Jeff Cross' Motion to Dismiss, [Doc. No. 25]. Plaintiff opposes the Motions. For the reasons set forth below, the Motions are granted.

## **Facts and Background**[1]

---

[1] The compilation of facts is taken from Plaintiff's "Second Amended Complaint for Violation of His Civil Rights," and the parties' briefs. It is set forth for the purposes of these Motions only. It in no way relieves any party of necessary proof of any fact, if necessary, in later proceedings.

Plaintiff[2] brings this action based on alleged violations of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1988, the First, Fifth and Fourteenth Amendments to the United States Constitution. The action also is brought pursuant to §§ 527.020 (Declaratory Judgment Act), Mo.R.Civ.P. 100, the Missouri Administrative Procedures Act, Chapter 536 RSMo., in accordance with the Court's supplemental jurisdiction. 28 U.S.C. § 1367. The Second Amended Complaint alleges that Plaintiff was, at all pertinent times, a resident of the City of Olivette, Missouri, who had been enrolled in and attending classes as a student within the Ladue School District.

Plaintiff alleges that he had a constitutionally protected property right to a free public education in the Ladue School District pursuant to MO CONST. Art IX, § 1(a) and §§ 160.051 RSMo., because he was a Missouri resident less than 21 years of age. The Second Amended Complaint further alleges that Plaintiff duly registered, pursuant to § 167.020.2 RSMo., as a pupil in the Ladue School District prior to November 16, 2007. Plaintiff was attending classes within the Ladue School District on January 4, 2008, when he was removed from the classroom and

---

[2] This action was originally brought by Leondre Washington, a 17 year old student. Subsequent to the filing of this action, and in response to Defendant Ladue's Motions to Dismiss, Leonore Washington sought and was allowed, leave to substitute his mother, Lisa Brown, as next friend for the purposes of prosecuting this action. For ease of reference, the Court will continue to refer to Leondre Washington as Plaintiff.

the Ladue School District student registration roll. Plaintiff was advised that he could not return to the Ladue School District.[3]

In October, 2007, mail addressed to Plaintiff at the address Plaintiff initially provided the Ladue School District, was returned to the Ladue School District. It indicated that Plaintiff's apartment was vacant. Dr. David Benson, Ladue's Superintendent, sent a letter to Plaintiff's mother dated November 19, 2007, in which Dr. Benson advised Ms. Brown of the results of the residency investigation, and that it had been determined that Plaintiff was no longer eligible to attend Ladue School.

Following an exchange of telephone calls and correspondence between counsel for Plaintiff and the Ladue School district, Plaintiff was notified that he would not be allowed to attend the Ladue school. Plaintiff was also advised that he could appeal the Superintendent's decision by December 7, 2007 to the Ladue School Board, and have a hearing. Plaintiff did not appeal the decision, nor did he attend the offered hearing.

Plaintiff contends that through these actions, Defendants deprived him of his constitutionally protected rights in violation of § 1983, and specifically, Defendants'

---

[3] Plaintiff has since the filing of this action, been re-admitted into the Ladue School District school.

actions constituted an unlawful taking of his property without due process of law and without just compensation.  Plaintiff further alleges that Defendants breached their duty to provide Plaintiff with a free public education.

Plaintiff seeks an Order restraining or enjoining Defendants from further interrupting or interfering with Plaintiff's right to attend classes and participate in activities in the Ladue School District; an Order declaring that Defendants have violated Plaintiff's civil rights protected by Amendments I, V and XIV of the U.S. Constitution and the Missouri Constitution art. I §§ 2 and 10 and art. V, § 18, § 536.150 RSMo. without due process of law; an Oder restraining or enjoining Defendants from changing or altering the conditions of Plaintiff's student participation in any academic or other settings than was the case prior to Plaintiff's removal from the Ladue School District on January 4, 2008; an Order declaring that any injunctive Order becomes effective without requiring Plaintiff to post a bond; an Order requiring the Ladue School District, upon request of Plaintiff, to provide free services of one or more duly qualified, necessary and appropriate tutors to assist Plaintiff in eliminating whatever learning and achievement gap may have been caused by Defendants' breach; Orders declaring Defendants liable to Plaintiff for compensatory and exculpatory or punitive damages; and Orders declaring Defendants liable to Plaintiff for interim and final awards of attorney's fees and

costs pursuant to 42 U.S.C. § 1988.

Defendants move for dismissal[4] because Plaintiff has failed to exhaust his administrative remedies.[5]

## Discussion

Plaintiff contends that the actions taken by Defendants in removing him from the rolls of the student body at the Ladue School District violate his First[6], Fifth[7] and

---

[4] In Defendant Ladue's motion, Defendant seeks dismissal based on Plaintiff's lack of capacity to bring suit because he is seventeen years old. Since Plaintiff's mother has been substituted as Plaintiff's next friend, this basis has been rendered moot.

[5] Interestingly, none of the parties discuss exhaustion as it relates to Plaintiff's claims under the United States Constitution; the only discussion with respect to exhaustion is with respect to the Missouri law.

[6] The First Amendment provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

[7] The Fifth Amendment provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Fourteenth[8] Amendment rights, and his rights under the Missouri Constitution Article IX, § 1(a)[9] in that Defendants exercised a taking of his property right to a free public education without due process of law.[10] Defendants argue that because Plaintiff failed to take advantage of the offered hearing, Plaintiff's Second Amended

---

[8] The Fourteenth Amendment provides, in pertinent part,:

> Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

[9] Section 1(a) of Article IX of the Missouri Constitution provides:

> § 1(a). Free public schools--age limit
>
> A general diffusion of knowledge and intelligence being essential to the preservation of the rights and liberties of the people, the general assembly shall establish and maintain free public schools for the gratuitous instruction of all persons in this state within ages not in excess of twenty-one years as prescribed by law.

[10] It appears to the Court that none of Plaintiff's claims or allegations relate to the rights provided in the First Amendment. On this basis alone, Plaintiff's claims under the First Amendment fail to state a cause of action for which relief may be granted. See, *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1969 (2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle [ment] to relief,'" the Supreme Court held that a viable complaint must include 'enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.*

Complaint must be dismissed for failure to exhaust his administrative remedies.

A student's property interest in the right to a public education, which cannot be taken away without affording the minimum procedures required by the due process clause, is clearly established. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that certain substantive rights-life, liberty, and property-cannot be deprived except pursuant to constitutionally adequate procedures. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). An essential principle of due process is that a deprivation of life, liberty, or property must be preceded by notice and an opportunity for a hearing appropriate to the nature of the case. *Mullane v. Central Hanover Bank & Trust, Co.*, 339 U.S. 306, 313 (1950). The Constitution of the State of Missouri establishes a right to a public education. Mo Const. art. IX . The United States Supreme Court has characterized such a right as a property interest. See *Goss v. Lopez*, 419 U.S. 565, 575 (1975) ( "Among other things, the State is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause and which may not be taken away for misconduct without adherence to the minimum procedures required by that Clause." ). Certain minimum due process procedures must be met before there can be a significant deprivation of any property right, including the right to a

public education.

In so doing, the Court is mindful that "[d]ue process is a flexible concept, requiring only 'such procedural protections as the particular situation demands.' *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). The fundamental requirement of due process 'is the opportunity to be heard "at a meaningful time and in a meaningful manner."' *Id.* at 333, 96 S.Ct. 893 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965))." *Clark v. Kansas City Missouri School Dist.* 375 F.3d 698, 701 -702 (8th Cir. 2004).

None of the parties dispute that Plaintiff has such a property interest in a free public education, rather, they disagree as to the manner in which Plaintiff must vindicate the alleged "taking" of that right. In his constitutional challenge, Plaintiff claims a taking without due process. The issue simply put, therefore, is: what process is due. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).

Defendants[11] contend that since Plaintiff did not take advantage of the offered

---

[11] The Individual Defendants also argue they are entitled to qualified immunity. In that the Court is dismissing the Second Amended Complaint based on Plaintiff's failure to exhaust, the Court need not address the issue of qualified immunity.

hearing, Plaintiff's claims must be dismissed. Plaintiff appears to agree that in a contested case under the Missouri Administrative Procedures Act, he must exhaust his administrative remedies. Plaintiff argues, however, that exhaustion is not required; Plaintiff urges that this is not a "contested case," because Defendants did not cite any "applicable statute or regulation" requiring an administrative hearing on the residency issue. The irony of Plaintiff's argument and indeed, the fundamental flaw in Plaintiff's reasoning, is evidenced by the Second Amended Complaint itself. Plaintiff alleges that he was denied a constitutionally protected property right, *i.e.*, his right to a free public education, without due process. The very basis upon which Plaintiff brings his action is the basis upon which Plaintiff's challenges give rise to a "contested" case in the state system and a federal constitutional cause of action. Plaintiff seeks redress for this alleged constitutional taking without due process. Plaintiff, however, attempts to limit his focus to a specific "regulation or ordinance" in an effort to circumvent the glaring beacon of constitutional law which requires a hearing, (and which also sets forth a contested case), both of which require exhaustion at the state level prior to challenge in this Court.

> The Due Process Clause also encompasses a third type of protection, a guarantee of fair procedure. A § 1983 action may be brought for a violation of procedural due process, but here the existence of state remedies is relevant in a special sense. In procedural due process claims, the deprivation by state action of a constitutionally

protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. *Parratt*, 451 U.S., at 537, 101 S.Ct., at 1913; *Carey v. Piphus*, 435 U.S. 247, 259, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property"). The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Due process, as this Court often has said, is a flexible concept that varies with the particular situation. To determine what procedural protections the Constitution requires in a particular case, we weigh several factors:

"First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

Applying this test, the Court usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty or property. See, e.g., *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (" '[T]he root requirement' of the Due Process Clause" is "

> 'that an individual be given an opportunity for a hearing before he is deprived of any significant protected interest' "; hearing required before termination of employment (emphasis in original)); *Parham v. J.R.*, 442 U.S. 584, 606-607, 99 S.Ct. 2493, 2506, 61 L.Ed.2d 101 (1979).

*Zinermon v. Burch*, 494 U.S. 113, 125-26, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990).

Likewise, in order for the Court to review Ladue School District's removal of Plaintiff from the student roles, Plaintiff must have exhausted his administrative remedies under the Missouri Administrative Procedures Act. Section 536.010(4) defines a contested case as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing [.]" Thus, the issue in determining whether a hearing is contested is not whether a hearing was actually conducted, but whether one was required by law. *State ex rel. Yarber v. McHenry*, 915 S.W.2d 325, 328 (Mo. banc 1995). For purposes of § 536.010(4), the "law" includes any ordinance, statute, or constitutional provision that mandates a hearing. *McCoy v. Caldwell County*, 145 S.W.3d 427, 428 (Mo. banc 2004). Hence, the right to a hearing must be determined by substantive law outside the MAPA. *Physician No. 3491 v. N. Kansas City*, 51 S.W.3d 101, 106 (Mo.App.2001); *BBCB, LLC v. City of Independence,* 201 S.W.3d 520, 526 -527 (Mo.App. W.D. 2006). It is indisputable that this is in

fact a contested case. The Constitutions of the United States and the State of Missouri provide the "law," *i.e.*, the due process clause and the right to a public education, giving rise to the necessity of a hearing.

Accordingly, before the Court may even consider whether Plaintiff was denied his federal and state constitutional rights, "[Plaintiff] must exhaust state remedies for purposes of this claim. Thus, the Court "need not determine whether [Plaintiff] received all the process [he] was due because [he] failed to exhaust [his] state remedies." *Stephenson v. Davenport Community School Dist.,* 110 F.3d 1303, 1312 -1313 (8th Cir. 1997).[12]

---

[12] Plaintiff makes a single allegation that Defendants' actions "reflect[] a reckless indifference and callous disregard for Plaintiff's civil rights. . ." While the Court believes Plaintiff is attempting to state a procedural due process claim since the allegations go directly to the procedures taken with respect to Plaintiff's removal from the school, even if Plaintiff is attempting to allege a substantive due process claim, his Second Amended Complaint is insufficient to state a claim. In analyzing a substantive due process claim, the Court's task is two-fold. First, the Court considers whether Plaintiff "possessed a right arising under the [F]ourteenth [A]mendment." *Wells v. Walker*, 852 F.2d 368, 370 (8th Cir.1988). Second, the Court determines "whether [Defendants'] conduct deprived [Plaintiff] of [that right] within the meaning of the due process clause." *Id*. "To meet [this] burden [Plaintiff] must demonstrate that the government action complained of is truly irrational, that is something more than ... arbitrary, capricious, or in violation of state law." Klein v. McGowan, 198 F.3d 705, 710 (8th Cir.1999) (internal quotation omitted).

Plaintiff has failed to allege sufficient facts supporting a substantive due process claim. While the right to an education may be an interest that is "deeply rooted in this Nation's history and tradition" so as to be protected by the Fourteenth Amendment, *Washington v. Glucksberg,* 521 U.S. 702, 721 (1997) (quotation omitted), there is no action alleged that was so "arbitrary" or "conscience-shocking" as to violate due process. See *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, ----, 125 S.Ct. 2074, 2084 (2005); *Bonebrake v. Norris*, 417 F.3d 938, 942 (8th Cir.2005). Because Plaintiff has failed to meet his burden of showing irrationality, he has failed to meet the second element of a substantive due process claim. *Klein*, 198 F.3d at 710. Therefore, any

Similarly, judicial review by the trial court in a contested case, in accordance with § 536.140, is limited to the Courts review of the record to determine the agency's decision was supported by substantial and competent evidence. *Cade v. State*, 990 S.W.2d 32, 37 (Mo.App.1999). Exhaustion of administrative remedies is required

> [to prevent] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Shelton v. Farr*, 996 S.W.2d 541, 543 (Mo.App. W.D.1999) (citation omitted); *KC Motorcycle Escorts, L.L.C. v. Easley*, 53 S.W.3d 184, 187 -188 (Mo.App. W.D.,2001)

## **Conclusion**

Plaintiff failed to exhaust his administrative remedies before the Ladue School Board. As such, he has failed to state a cause of action under 42 U.S.C. § 1983, the Constitution of the United of the United States, and the Constitution and the laws of the State of Missouri.

Accordingly,

---

attempted substantive due process claim must be dismissed. *Creason v. City of Washington*, 435 F.3d 820, 823 -825 (8th Cir.2006).

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, [Doc. No.'s 15 and 25], are **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is dismissed, without prejudice to refiling upon the completion of the exhaustion requirements.

Dated this 30th day of April, 2008.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE